**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Adrian Burrell, | ) | No. CV-14-0050-PHX-LOA |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) | |

    This Social Security appeal is before the Court on Plaintiff's Motion for a Stay of Proceedings. (Doc. 15)  Plaintiff requests an indefinite stay of this appeal (the "second appeal") to this District Court because Plaintiff's initial application for social security disability benefits, which was denied at the administrative level and affirmed by a district judge in this District Court (No. CV-11-0749-PHX-SRB), is pending before the Ninth Circuit Court of Appeals (Case No. 12-16673) (the "first appeal"). (*Id.*) Plaintiff indicates that oral argument in the first appeal was held on June 11, 2014, and counsel await a decision from the Circuit Court. (*Id.* at 1)  Plaintiff represents "[t]he request for the stay is based on judicial efficiency[]" and the Commissioner's counsel has "no opposition to this request."| (*Id.* at 1-2) According to Plaintiff, "[a] decision on the disability claim pending at the Ninth Circuit will likely resolve the current claim, even though a different period of disability is involved." (*Id.* at 2)

## I. Background

Plaintiff's Complaint was filed in this District Court on January 10, 2014, "challeng[ing] the findings of the Appeals Council and the Commissioner of Social Security, the Social Security Administration, in that the findings err in law and fact in that Plaintiff continues to be physically and mentally disabled . . . ." (Doc. 1 at 2) The Commissioner appeared in this action on April 9, 2014, and filed her answer and the administrative record on June 6, 2014. (Docs. 6, 13-14) The Rule 16 scheduling order mandates that, *inter alia*, Plaintiff's opening brief be filed "[w]ithin sixty (60) days after the answer is filed[,]" or, as Plaintiff's counsel correctly points out, by August 6, 2014. (Doc. 10 at 1) The April 29, 2014 scheduling order forewarns the parties that "if either party fails to timely file a brief in full compliance with this Order, the Court may strike the non-complying brief, dismiss the case, or remand to the agency, as appropriate." (*Id.*) (citing generally Fed.R.Civ.P. 41(b)). The parties have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 5, 8)

## II. Stays

The Supreme Court has recognized that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The issuance of a stay order is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal quotation marks and citations omitted).

The Ninth Circuit has established the following factors district courts should consider when requested to issue a stay: 1) "stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time[,]" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d

857, 864 (9th Cir. 1979)); 2) courts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief as a stay would result only in delay in monetary recovery, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962)); 3) stays may be appropriate if resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed, *id.* at 1110-11 (citing *CMAX*, 300 F.2d at 269 ("In the interests of uniform treatment of like suits there is much to be said for delaying the front runner.")); and 4) stays may be appropriate for courts' docket efficiency and fairness to the parties pending resolution of independent proceedings that bear upon the case, "whether the separate proceedings are judicial, administrative, or arbitral in character, and [such stays] do[ ] not require that the issues in such proceedings are necessarily controlling of the action before the court[,]" *id.* at 1111 (citing *Leyva*, 593 F.2d at 863-64).

**III. Discussion**

      This is the second Social Security case assigned to this Magistrate Judge wherein Plaintiff's attorney seeks a stay of proceedings in, or an extension to file an opening brief on, an appeal to the District Court of Arizona for the denial of a second application pending before the Ninth Circuit Court of Appeals for the same client. *See Mendoza v. Colvin*, No. CV-13-1642-PHX-LOA. It is apparently the practice or pattern for this Social Security practitioner to request stays or extensions to file opening briefs at the district-court level on second applications while the denial of the first application is prosecuted in the circuit court.

      Contrary to Plaintiff's claim, this practice or pattern does not result in "judicial efficiency," but rather, creates more work for very busy trial judges, addressing numerous extension motions or writing orders like this that result in unreasonable delay and expense in the second appeal. For example, the three opening-brief extensions this Court now-regrettably granted in *Mendoza v. Colvin*, No. CV-13-1642-PHX-LOA, has resulted in over a four-month delay from March 19, 2014 to July 23, 2014, before Plaintiff was directed to file her opening brief. Additionally, granting Plaintiff's request for a stay would be inconsistent with Rule 1, Fed.R.Civ.P. ("These rules . . . should be construed and

administered to secure the just, *speedy, and inexpensive* determination of every action and proceeding.") (emphasis added). Finally, implicit in granting such a stay request or opening brief extension is that the district or magistrate judge committed reversible error in affirming the Commissioner's denial of Plaintiff's first application for disability benefits.

**IV. Conclusion**

After considering all the factors in *Dependable Highway Express*, the Court will deny Plaintiff's request for an indefinite stay. Plaintiff has not shown that the appeal in No. 12-16673 will be concluded and final within a reasonable time, the District Judge erred in No. CV-11-0749-PHX-SRB, or that reversal by the Ninth Circuit is likely. Though Plaintiff has not filed an opening brief as directed in the scheduling order, the Court will not dismiss this action at this time. Plaintiff must file an opening brief on or before Friday, September 12, 2014, or this appeal will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Stay of Proceedings, doc. 15, is **DENIED**. Plaintiff must file an opening brief on or before **Friday, September 12, 2014**, or this appeal will be dismissed.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an opening brief on or before **Friday, September 12, 2014**, the Clerk of Court is kindly directed to dismiss this appeal without prejudice.

Dated this 8th day of August, 2014.

Lawrence O. Anderson
United States Magistrate Judge

- 4 -